# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:17CR00020-10 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ANNETTE FREEMAN,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Kari K. Munro, Assistant United States Attorney, Roanoke, Virginia, for United States; John T. Stanford, Assistant Federal Public Defender, Abingdon, Virginia, for Defender.*

The defendant, a federal inmate previously sentenced by this court, has filed a pro se motion seeking compassionate release from her sentence.  The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,  Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[1]  The Federal Public Defender was appointed by

---

[1]    The Sentencing Commission has adopted such policy provisions.  U.S. Sentencing Guidelines Manual (USSG) § 1B1.13(1)(A), (2) (U.S. Sentencing Comm'n 2018).  These policies have not changed since the First Step Act of 2018 amended § 3582(c)(1)(A) to allow a direct motion by the inmate.  But in any event, even the present commentary to § 1B1.13, while listing circumstances that the Director of the Bureau of

standing order to represent Freeman and has filed under seal her prison medical records, but has filed a notice that the office does not intend to file a supplemental motion.  While the United States Attorney's office has entered an appearance, it has not filed a response to the motion.

The court may grant a § 3582(c)(1)(A) motion by an inmate "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  § 3582(c)(1)(A).  While exhaustion of administrative remedies is not a jurisdictional issue,[2] it is a mandatory condition under the statute,

---

Prisons is encouraged to consider in determining whether to file a motion for reduction, also emphasizes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction) after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community."  *Id.* at cmt. n.4.  Congress has provided that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t).

[2]  In considering § 3582(c)(2), a separate subsection setting forth another exception to the rule that a district court may not modify a sentence once imposed, the Fourth Circuit held that the lack of a prerequisite to a motion for reduction in sentence does not raise a jurisdictional issue. *United States v. May*, 855 F.3d 271, 274–75 (4th Cir. 2017) (holding that "[t]he Supreme Court requires Congress to 'clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional' before a court can treat the limitation as such")  (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)).  I find this reasoning persuasive as to the sister exception contained in § 3582(c)(1)(A).

that when "properly invoked . . . must be enforced." *Hamer v. Neighborhood Hous. Servs. of Chi.,* 138 S. Ct. 13, 17 (2017).

The regulations adopted by the Bureau of Prisons ("BOP") provide that when an inmate's request under § 3582(c)(1)(A) is denied by the warden, the inmate may appeal the denial through the Administrative Remedy Procedure (ARP).  28 C.F.R. § 571.63(a) (2018).  The ARP provides for an appeal by the inmate within 20 days to the appropriate Regional Director, and from there within 30 days to the General Counsel of the BOP.  *Id.* at § 542.15(a).  A denial by the General Counsel constitutes a final administrative decision.  *Id.* at § 571.63(b).

Freeman's motion does not indicate that she made a request to the warden of the facility where she is housed, the Federal Prison Camp at Alderson, West Virginia ("FPC Alderson").  Because the United States has not responded to her motion, however, it has not raised the exhaustion issue, and I therefore find that the issue has been waived.

Freeman is currently 35 years old, and the BOP website lists her projected release date as October 17, 2033.  After pleading guilty to one count of conspiracy to possess with the intent to distribute and distribute 500 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), Freeman was sentenced by this court on March 29, 2018,

to a term of 235 months imprisonment.  To date, she has served only a small fraction of this sentence.

Freeman's motion for compassionate release is based on her susceptibility to Covid-19 based on her diagnosis of and treatment for asthma.  Her prison medical records do not reveal that her asthma is particularly severe.  Rather, it appears to be well-managed with oral medication and inhalers.  The BOP is not currently reporting any confirmed cases of Covid-19 at FPC Alderson.

Section 3582(c)(1) permits a sentencing court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[3]  18 U.S.C. § 3582(c)(1).  The USSG defines

---

[3]  The Sentencing Commission has adopted such policy provisions.  Those policies provide in pertinent part that release may be granted if the court determines that "[e]xtraordinary and compelling reasons warrant the reduction" and "[t]he defendant is not a danger to the safety of any other person or to the community."  USSG § 1B1.13(1)(A), (2).  These policies have not changed since the First Step Act of 2018 amended § 3582(c)(1)(A) to allow a direct motion by the inmate.  But in any event, even the present commentary to § 1B1.13, while listing circumstances that the Director of the BOP is encouraged to consider in determining whether to file a motion for reduction, also emphasizes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction) after considering the factors set forth in 18 U.S.C.  § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community."  *Id.* at cmt. n.4.

extraordinary and compelling reasons in relation to the medical condition of the defendant, as follows:

**(A) Medical Condition of the Defendant**,--

**(i)** The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(ii)** The defendant is--

**(I)** suffering from a serious physical or medical condition,

**(II)** suffering from a serious functional or cognitive impairment, or

**(III)** experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

USSG § 1B1.13 cmt. n.1(A, B) (2018).

It does not appear that Freeman's medical ground for compassionate release complies with any of these categories.  Even considering them merely as "helpful guidance on the factors that support compassionate release," *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019), I do not

find that Freeman is qualified for such extraordinary relief.  Her asthma does not appear to be particularly severe and is being managed appropriately.  I cannot conclude from the record evidence that she is at a significantly heightened risk of contracting Covid-19, the disease caused by the novel coronavirus.

I have also considered the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission.  I conclude that they do not support releasing Freeman.

For these reasons, it is **ORDERED** that the defendant's motion, ECF No. 838, is DENIED.

ENTER:  July 13, 2020

/s/ JAMES P. JONES
United States District Judge